UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA C. WORSHAM, | ) | Case No. 1:06 CV 2285 |
| | ) | (Crim Case No. 1:04 CR 009) |
| Petitioner, | ) | |
| | ) | Judge John R. Adams |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Defendant Debra C. Worsham has filed a *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. Defendant was charged by indictment of conspiring to commit bank fraud and multiple counts of possession of counterfeit securities. With the assistance of counsel she entered into a plea agreement with the government shortly before trial shedding the multiple counts of possession of counterfeit securities. The agreement was memorialized in writing on April 27, 2004, and Worsham's plea was changed accordingly (Docket No. 1:04 CR 009, ECF #177). Following submission of the presentence report she received a sentence of 57 months plus three years of supervised release (Judgment ECF #250). An appeal followed but was dismissed in 2005 on the government's motion due to the waiver of appeal clause contained in the plea agreement (See *U.S. v. Worsham*, Case No. 04-3935, Order (6th Cir. Sept. 21, 2005) (unreported)). The Sixth Circuit Court of Appeals noted the inclusive nature of waiver of appeal which stated:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. §3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255. The Defendant expressly waives those rights, except as reserved below. Defendant reserves

> the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court. Nothing in this paragraph shall act as a bar to the Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

The circuit court explained in dismissing the appeal that a waiver of the right to appeal is presumptively valid and precludes review of Worsham's appeal and in any event there was nothing to appeal since Worsham agreed to be sentenced under the guidelines and waived appeal of the sentence unless it exceeded the statutory maximum.

This dismissal of Worsham's appeal was followed in 2006 with her somewhat unconstructed and prevaricative *pro se* motion to vacate, to set aside or correct sentence under 28 U.S.C. §2255. Worsham's prime claim is that she was erroneously sentenced on Criminal History Category III instead of the correct category of II. Under the lower category the sentencing range was 41 to 51 months, but increased to a range of 46 to 57 months. She states "these issues were raised at sentencing and ruled on without any examination of the evidence or allowing defense counsel to present evidence due to preservation of rights." (§2255 motion p. 4, ECF #1). In her January 3, 2005 "Rule 35 Letter" she asks that "the entire record be examined to determine the District Court['s] true intent."

Her secondary claim is her request for re-sentencing in light of *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531,

1:06 CV 2285                                                    3

159 L.Ed.2d 403 (2004). The events placed in their time frame begin with the written plea agreement and plea on April 27, 2004 followed by sentencing on July 12, 2004. *Blakely* was decided on June 24, 2004, and its impact was a topic at sentencing. *Booker* though was not to be decided until January 12, 2005. Worsham's arguments concern the events surrounding the *Blakely* issue are somewhat inconsistent but in her third Rule 35 letter, filed on January 4, 2007, where she did concede that she was specifically asked by the Court that in view of the *Blakely* issue if she would like to withdraw the plea. (ECF #10). She did not.

In effect Worsham maintains without explanation that her sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The rule which developed subsequent to Worsham's conviction in *Blakely* was that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence the judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by defendant* (emphasis in original)." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537, quoted in *Booker*, 543 U.S. at 228, 125 S.Ct. at 746-47. At the time there would have been no perceived error under *Blakely*.

Until *U.S. v. Booker* was decided, the Sixth Circuit had held that *Blakely* had no application to the federal sentencing guidelines. See *United States v. Koch*, 383 F.3d 436 (6th Cir.2004)( The Court decided *en banc* that *Blakely* does not apply to the federal sentencing guidelines.). Prior to *Booker*, similar thinking was expressed in other circuits. See *U.S. v. Cordoza-Estrada*, 385 F.3d 56 (1st Cir. 2004); *U.S. v. Mincey*, 380 F.3d 102 (2d. Cir. 2004); *U.S. v. Hammond*, 381 F.3d 316, 360

1:06 CV 2285                                              4

(4th Cir. 2004); *U.S. v. Pineiro*, 377 F.3d 464 (5th Cir. 2004); *U.S. v. Reese*, 382 F.3d 1308 (11th Cir. 2004). The point being made here is that *Blakely* was not a precursor to *Booker*. See *Valentine v. U.S.*, 488 F.3d 325 (6th Cir 2007). Of course this changed in *U.S. v. Booker, supra*, where Justice Breyer delivered an opinion of the court which held that judicial fact-finding required under the Sentencing Guidelines conflicted with the Sixth Amendment right of trial by requiring severance of the Federal Sentencing Act's provisions that made the guidelines mandatory. *Booker*, 543 U.S. 220 at 245-262, 125 S.Ct. at 756-766. *Booker* cannot be retroactively applied on collateral review under §2255. See *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. 2005), *cert. denied*, - U.S. -, 126 S.Ct. 199, 163 L.Ed.2d 190 (2005); *Valentine v. U.S.*, 488 F.3d. 325 (6th Cir. 2007).

Worsham attempts to veil her arguments as brought under the auspice of ineffective assistance of counsel. To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel, Worsham must first show that counsel's performance was deficient, so that counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and secondly Moore "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

1:06 CV 2285                                                                 5

She maintains that counsel on appeal prepared an incomplete response to the government's motion to dismiss the appeal and did not set forth the numerous defenses which Worsham believed should have been properly asserted on her behalf. However this claim is followed in the first of her supplemental briefs which she has titled "Rule 35 Letters" in which she states, "the defendant's argument is not for this court to determine if [counsel] was effective at the appeal level, but to establish that the deficiency of counsel's performance at the Sentencing Hearing resulted in an unreliable and unfair outcome of the proceedings (Rule 35 letter filed Jan. 3, 2007, Docket 1:06 CV 2285, ECF #8).

Worsham also claims to be raising ineffective assistance of defense counsel at trial, but yet on the prime claim she excuses defense counsel's conduct and criticizes the Court for being unreceptive to counsel's argument. On her secondary claim she blames counsel for her decision to go ahead with the plea agreement. Counsel was not a poor prognosticator, though. Worsham benefitted from sentencing under only one count from the indictment, and the case law following sentencing demonstrates that she would have received no benefit under *Blakely* if she had decided to withdraw the plea. Accordingly, defense counsel's advice to proceed with her guilty plea, was effective and reasonable. Worsham has not demonstrated ineffective assistance of counsel at sentencing nor on appeal. This §2255 motion is nothing more than a replay of her prior unsuccessful appeal. As the Sixth Circuit had pointed out in its dismissal, none of Worsham's claims fell outside the partial waiver of appeal from the plea agreement.

1:06 CV 2285 6

The only issue that remains is whether or not the waiver of appeal was made knowingly and voluntarily. "It is well settled that a defendant in a criminal case may waive any right even a constitutional right by means of plea agreement ." *U.S. v. Gibney*, 519 F.3d 301, 305-06 (6th Cir. 2008) (quoting *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). "An agreement to waive a right to appeal or otherwise challenge the constitutionality or legality of a sentence imposed is binding on the defendant." *U.S. v. McKinney*, 2008 WL 175172 at *2 (6th Cir.) citing *U.S. v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *U.S. v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995). Waivers however must be made knowingly and voluntarily. *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006); *Gibney*, 519 F.3d at 306. The issue whether defendant validly waived the right to appeal a sentence and a plea agreement is reviewed under the *de novo* standard. *U.S. v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). The defendant must understand the waiver and be apprised of the operation of the waiver. *Id. Murdock*, 398 F.3d at 495-97.

At the change of plea the Court complied with Rule 11(b)(1)(N) on waiver of the right to appeal or collateral attack. Compare *Murdock*, 398 F.3d 491 (6th Cir. 2005). The Court asked Worsham whether she had read and discussed the plea agreement with counsel before signing it and Worsham confirmed that she had. (Change of Plea Tr. at 5, 4-27-04). Worsham also confirmed that she understood the terms of the agreement and it represented the full and complete agreement she had with the government. *Id.* The Court advised Worsham she had a plea agreement contained in the appellate waiver provision (Change of Plea TR. at 12). Worsham confirmed this understanding of the plea agreement. Specifically, during the Rule 11 colloquy, the Court asked Worsham:

1:06 CV 2285                                                    7

> You understand, ma'am, . . . [t]hat pursuant to this plea agreement . . . you are waiving most of your rights to appeal in this matter. You are waiving most of those rights except that you reserve the right to appeal any punishment that I may impose in excess of the statutory maximum. Any punishment that might exceed what the guidelines call for in this case. That would be called an upward departure.
>
> You also would have a right to appeal any matters that would relate to prosecutorial misconduct, if any, and whether or not Mr. Migdal made any misrepresentations. You would have a right to appeal those matters, otherwise most of your rights to appeal in this case would be waived.
>
> Are you aware of that, ma'am?

Worsham unequivocally responded, "Yes." (Change of Plea TR. at 12-13).

The record, therefore, establishes that Worsham understood the waiver provision and knowingly and voluntarily waived her appellate rights. Further, as the Sixth Circuit implicitly found in dismissing her appeal, nothing about Worsham's sentence was inconsistent with the provisions of the plea agreement. Hence, counsel could not have shown that Worsham's sentencing claims fell within the limited exceptions to the waiver provision of the plea agreement.

It consequently appears that Worsham is "stuck" in spite of her prevarication. The record from the change of plea establishes a knowing and voluntary waiver of the right to appeal except essentially for instances of ineffective assistance of counsel or prosecutorial misconduct. Worsham has attempted to set out claims of ineffective assistance of defense counsel to challenge her 57 month

1:06 CV 2285                                              8

sentence but she concedes that objections were raised and there was discussion of the *Blakely* issue on the record. Review of Worsham's claims establishes that defense counsel acted effectively.

## *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons the undersigned recommends that Worsham's motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 be denied without evidentiary hearing as the files and records of this court establishes that she is not entitled to relief. See *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983); *Green v. United States*, 65 F.3d 546 (6th Cir. 1995).

                                         s/James S. Gallas
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985)

Dated:  May 12, 2008